UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARJANA ULLAH,

                Plaintiff,

- against -

ENHANCED RECOVERY CORPORATION,

                Defendant.

Case No.: 17 Civ. 4876(KAM)(VMS)

**ANSWER WITH AFFIRMATIVE DEFENSES**

Defendant Enhanced Recovery Company, LLC (ERC or "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Marjana Ullah ("Plaintiff").

## INTRODUCTION/PRELIMINARY STATEMENT

1.    ERC admits that Plaintiff brings this action against it for alleged violations of the Fair Debt Collection Practices Act, but denies committing any violation of the foregoing law.

## PARTIES

2.    ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.    ERC admits that it is a limited liability company organized under the laws of the state of Delaware and that it maintains a business address at 8014 Bayberry Road, Jacksonville, Florida 32256.

4.    The allegations contained in paragraph 4 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. The allegations contained in paragraph 5 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: ERC admits that it is engaged in the business of providing collection services on behalf of its customers.

6. ERC admits that venue is proper in this District but denies committing any act or omission giving rise to the claims asserted herein.

## ALLEGATIONS

7. ERC responds to the allegations contained in paragraphs 1 through 6 of the Complaint as set forth above.

8. ERC admits that it attempted to collect on an account placed with it for collection by its customer. ERC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint.

9. ERC denies the allegations contained in paragraph 9 of the Complaint.

10. ERC admits that on or about May 5, 2016, it received a call from Plaintiff.

11. ERC admits that its representative asked Plaintiff to confirm her mailing address and confirmed the amount of the account being sought.

12. ERC admits that Plaintiff represented that she would pay the account when she had an opportunity to do so.

13. ERC admits that its representative requested payment from Plaintiff.

14. ERC admits that Plaintiff restated that she would take care of the account when she could. ERC admits that Plaintiff later called and requested that no automated telephone dialing technology be used to place calls to her. ERC denies that Plaintiff requested not to receive other calls on the account.

15. ERC admits that it placed a call to Plaintiff on May 19, 2016.

16. ERC admits that Plaintiff stated that she would pay the account when she gets a chance and that she did not want to receive calls from automated telephone dialing technology. ERC denies that Plaintiff requested to not be otherwise contacted.

17. ERC denies the allegations contained in paragraph 17 of the Complaint.

## FIRST CAUSE OF ACTION

18. ERC responds to paragraphs 1 through 17 of the Complaint as set forth above.

19. The allegations contained in paragraph 19 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: 15 U.S.C. § 1692d speaks for itself.

20. ERC denies the allegations contained in paragraph 20 of the Complaint.

21. ERC denies the allegations contained in paragraph 21 of the Complaint.

## GENERAL DENIAL

22. ERC denies all allegations of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims against ERC must be dismissed because Plaintiff has failed to state a claim for which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims for actual damages against ERC must be dismissed because Plaintiff has not alleged any facts showing an entitlement to such relief.

### Third Affirmative Defense

Plaintiff's claims for actual damages are barred to the extent Plaintiff failed to mitigate her damages.

### Fourth Affirmative Defense

Plaintiff's claims against ERC must be dismissed because, to the extent that Plaintiff did not want any further calls on the subject account, she did not clearly express that request.

### Fifth Affirmative Defense

Plaintiff's claims against ERC must be dismissed to the extent they are barred by the doctrines of waiver, estoppel, or unclean hands.

### CLAIM FOR ATTORNEYS' FEES

On information and belief, this action was brought against, or has been continued against, Defendant in bad faith and for the purposes of harassment and Defendant seeks its costs and fees in defending this action under 15 U.S.C. § 1692k(a)(3).

**PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court enter judgment against Plaintiff and in favor of Defendant in connection with all claims for relief in the Complaint, award Defendant its reasonable attorneys' fees and costs, and for such other and further relief as the Court deems just and equitable.

Dated: New York, New York
      September 6, 2017         SMITH, GAMBRELL & RUSSELL, LLP


                                    By:  /s/ Nicole Haff
                                         John G. McCarthy
                                         Nicole Haff
                              1301 Avenue of the Americas, 21st Floor
                              New York, New York 10019
                              Tel: (212) 907-9700
                              Fax: (212) 907-9800

                              *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 6, 2017, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to:

> Edward B. Geller, Esq.
> EDWARD B. GELLER, ESQ., P.C., OF COUNSEL TO
> M. HARVEY REPHEN & ASSOCIATES, P.C.
> 15 Landing Way
> Bronx, New York 10464
> epbh@aol.com

/s/ Nicole Haff
Nicole Haff
